UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACI HANER

                Plaintiff,

-vs-                                                                           **COMPLAINT**

NIAGARA COUNTY/ NIAGARA COUNTY
SHERIFF'S DEPARTMENT

                                                                Civil No. _____

                Defendant.
_____

       Plaintiff, TRACI HANER, by and through her Attorneys, CHIACCHIA & FLEMING, LLP, Andrew P. Fleming, Esq., of Counsel, for her Complaint against the Defendant, hereby alleges:

## BACKGROUND

       1.       This is an action for employment discrimination brought to secure relief, legal and equitable, for unlawful employment practices on the basis of her gender, and subsequent retaliation, brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. section 2000, *et. seq.*) and the Human Rights Law of the State of New York (Executive Law section 290, *et. seq.*).

       2.       The jurisdiction of the Court over this controversy is invoked pursuant to 28 U.S.C. § 1331, 1343 and 1367.

       3.       The unlawful employment practices alleged herein were committed in the Western District of New York.

## PARTIES

4.  The plaintiff, TRACI HANER, (hereinafter referred to as "HANER" or the plaintiff), at all times hereinafter mentioned was and still is a resident of the Town Newfane, in the County of Niagara and State of New York.

5.  Upon information and belief, at all times hereinafter mentioned, defendant NIAGARA COUNTY/NIAGARA COUNTY SHERIFF'S DEPARTMENT (hereinafter referred to as "NIAGARA COUNTY") was and still is a domestic municipal corporation organized and existing under the laws of the State of New York. At all relevant times herein, NIAGARA COUNTY was an "employer" of the plaintiff under both Title VII and the New York State Human Rights Law.

## NATURE OF CLAIM

6.  This claim seeks restitution to the plaintiff of all employment rights, privileges, benefits, promotions, and income that the plaintiff would have had but for the unlawful discriminatory practices of NIAGARA COUNTY.

## ADMINISTRATIVE PROCEEDINGS

7.  The plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission.

8. On or about February 11, 2009, the plaintiff received her Right-to-Sue Notice from the EEOC. This lawsuit is timely.

## STATEMENT OF CLAIM

9. Plaintiff began her employment with defendant in June 2004 as a part-time Corrections Officer.

10. On or around April 17, 2006, Plaintiff entered defendant's Corrections Officer Academy in order to become eligible for full-time employment with defendant.

11. Upon entering the Academy, defendant mandated that plaintiff fill out an administrative form, requesting plaintiff notify defendant of any and all of her disabilities and/or medical conditions. On said form, plaintiff indicated that she was pregnant.

12. On April 27, 2006, upon learning that plaintiff was pregnant, defendant abruptly discharged plaintiff from the Academy.

13. Though plaintiff offered to provide defendant with a release from her physician allowing her to remain in the Academy, her supervisors stated that, upon information and belief, her pregnancy amounted to a "liability" or words to that exact effect.

14. Following her release from the Academy, plaintiff was ordered to attend a meeting with Captain Kevin Payne, Captain Daniel Engert and Training Officer Steven Wook. Upon information and belief, at this meeting, plaintiff was informed that she was being assigned to a full-time post that would require her to work full-duty directly with inmates.

15. Also at this meeting, plaintiff informed Captains Payne and Engert that she was aware that NIAGARA COUNTY had a policy wherein pregnant Corrections Officers were to be placed in posts where they would work lighter duty, and have no direct inmate contact, for the duration of their pregnancy. At this meeting, plaintiff requested such a post.

16. However, upon information and belief, Captain Kevin Payne informed plaintiff that she was to accept a full-duty post where she would have direct inmate contact, or, not work at all.

17. Plaintiff complained to Captain Payne that his directive was in violation of NIAGARA COUNTY policy, to no avail. Needing work, Plaintiff accepted such a post and began working full-duty, with direct inmate contact.

18. A few days later, plaintiff had a meeting with Major John Saxton. At this meeting, HANER expressed her concerns regarding Payne's demand that she work full-duty, with inmate contact. Upon information and belief, Major Saxton responded that he would "get

back to her" or words to that exact effect.

19. Saxton failed to respond to Plaintiff for several weeks. Meanwhile, plaintiff remained assigned to a full-duty post, coming in direct contact with inmates on a daily basis.

20. On or around June 9, 2006, plaintiff once again complained to Saxton, via email, regarding defendant's placement of her in a full-duty post with inmate contact. Saxton again responded that he would "get back to her" or words to that effect.

21. Saxton failed to respond to Plaintiff for nearly another full month. During this time, HANER complained to her supervisors regarding the fact that she was being forced to work full-duty, with inmate contact, in direct violation of NIAGARA COUNTY's policy.

22. On July 4, 2006, plaintiff again complained to Saxton. On July 6, 2006, Saxton informed plaintiff that she would be placed on light-duty, and would have no direct contact with inmates.

23. On July 9, 2006, plaintiff started working in said light-duty post and remained in said post through and until the end of her pregnancy.

24. On October 4, 2006, plaintiff filed a charge of disability discrimination with the United States Equal Employment Opportunity Commission.

25. On May 13, 2007 defendant NIAGARA COUNTY retaliated against plaintiff by promoting Ben Phillips, a part-time male Corrections Officer, to full-time status before plaintiff, in spite of the fact that, upon information and belief, HANER appeared ahead of Philips on the full-time eligibility list.

26. Approximately six weeks later, on June 24, 2007, HANER was promoted to the position of full-time Corrections Officer.

27. Upon information and belief, NIAGARA COUNTY further retaliated against HANER by removing her from its employee overtime list at various times between May 23, 2008 and January 8, 2009.

28. However, a male corrections officer who, upon further information and belief, had suffered a work-related injury was permitted to remain on said overtime list.

## FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF TITLE VII
## (42 U.S.C. section 2000, *et. seq.*)

29.  Plaintiff TRACI HANER repeats and realleges each and every allegation in paragraphs "1" through "28" of this Complaint with the same force and effect as if set forth herein.

30.  At all times relevant, plaintiff was and remains a covered person under Title VII of the Civil Rights Act of 1964 (42 USC § 2000(a)).

31.  NIAGARA COUNTY is an "employer" and "covered entity" under Title VII (42 USC §§ 2000(e)(b)).

32.  Defendant has discriminated against plaintiff on the basis of her gender by, including but not limited to: removing plaintiff from the Corrections Officer Academy on the basis of her pregnancy, forcing plaintiff to work in a position requiring full-duty and inmate contact in contravention of its established policy regarding pregnant employees, refusing to assign plaintiff to a light-duty and "no inmate contact" post in contravention of its established policy and practice, and otherwise discriminating against plaintiff on the basis of her gender.

33.  The defendant, by its actions, willfully, intentionally and with reckless indifference discriminated against the plaintiff in violation of Title VII on the basis of her gender.

34. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, the plaintiff has suffered a loss of income, including but not limited to: loss of past and future wages, vacation time and health benefits; has incurred the costs of bringing this action; and, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation.  Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF TITLE VII
### (42 U.S.C. section 2000, *et. seq.*)

35. Plaintiff TRACI HANER repeats and realleges each and every allegation contained in paragraphs "1" through "34" of this Complaint with the same force and effect as if set forth herein.

36. Defendant NIAGARA COUNTY has retaliated against plaintiff in the terms and conditions of her employment as a direct result of her prior and lawful EEO activities, including exercising her rights and opposing unlawful employment practices, in violation of Title VII (42 U.S.C. section 2000, et. seq.).

37. The defendant, by its actions, willfully, intentionally and with reckless indifference retaliated against plaintiff in violation of Title VII.

38. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including but not limited to: a loss of past and future wages, vacation time and health benefits; has incurred the costs of bringing this action; and, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation.  Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION
## GENDER DISCRIMINATION IN VIOLATION OF
## THE NEW YORK STATE HUMAN RIGHTS LAW
**(Executive Law section 290, *et. seq.*)**

39. Plaintiff TRACI HANER repeats and realleges each and every allegation in paragraphs "1" through "38" of this Complaint with the same force and effect as if set forth herein.

40. At all times relevant, plaintiff was a covered employee under the New York State Human Rights Law (Executive Law section 290, *et. seq.*).

41. Defendant has discriminated against plaintiff on the basis of her gender by, including but not limited to: removing plaintiff from the Corrections Officer Academy on the

basis of her pregnancy, forcing plaintiff to work in a position requiring full-duty and inmate contact in contravention of its established policy regarding pregnant employees, refusing to assign plaintiff to a light-duty and "no inmate contact" post in contravention of its established policy and practice, and otherwise discriminating against plaintiff on the basis of her gender.

42. The defendant, by its actions, willfully, intentionally and with reckless indifference discriminated against the plaintiff in violation of the New York State Human Rights Law on the basis of her gender.

43. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including but not limited to: a loss of past and future wages, vacation time and health benefits; has incurred the costs of bringing this action; and, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

**FOURTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF THE**
**NEW YORK STATE HUMAN RIGHTS LAW**
**(Executive Law section 290, *et. seq.*)**

44. Plaintiff TRACI HANER repeats and realleges each and every allegation

contained in paragraphs "1" through "43" of this Complaint with the same force and effect as if set forth herein.

45. At all times relevant, plaintiff was a covered employee under the New York State Human Rights Law (Executive Law section 290, *et. seq.*).

46. At all times relevant, defendant NIAGARA COUNTY was an employer under the New York State Human Rights Law.

47. Defendant has retaliated against plaintiff in the terms and conditions of her employment as a direct result of her prior and lawful EEO activities, including exercising her rights and opposing unlawful employment practices, in violation of the New York State Human Rights Law.

48. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including but not limited to: a loss of past and future wages, vacation time and health benefits; has incurred the costs of bringing this action; and, has undergone severe emotional distress, mental anxiety, loss of enjoyment of life, loss of reputation and humiliation. Plaintiff will continue to suffer these irreparable injuries and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

## DEMAND FOR TRIAL BY JURY

49. Plaintiff herein requests a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, plaintiff respectfully prays that this Court:

a. Order defendant NIAGARA COUNTY to make whole plaintiff HANER by providing her with appropriate lost earnings, overtime, vacation time, the equivalent of lost health benefits, lost pension benefits, lost retirement plan opportunities, insurance premiums and pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

b. Order defendant NIAGARA COUNTY to make whole plaintiff HANER by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience and mental anguish, in amounts to be determined at trial;

c. Award the plaintiff demonstrative damages in an amount to be determined at trial;

d. Award the plaintiff the recovery of costs and counsel fees as provided by statute; and,

e. Award the plaintiff any such other and further relief as the Court deems necessary and proper.

Dated: Hamburg, New York
      April 28, 2009

                                      **CHIACCHIA & FLEMING, LLP**

                                      <u>/s/ Andrew P. Fleming</u>
                                      Andrew P. Fleming, Esq.
                                      CHIACCHIA & FLEMING, LLP
                                      *Attorneys for Plaintiff*
                                      5113 South Park Avenue
                                      Hamburg, New York 14075
                                      Telephone:  (716) 648-3030